IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 11-cv-02126-RPM

MARY L. GEORGI,

    Plaintiff,

v.

THOMAS L. GRIFFIN,
JAMES L. McVEY, and
ROBERT E. O'CONNOR,

    Defendants.

## PROTECTIVE ORDER RE: HUTCHISON COMMUNICATIONS

Pursuant to Fed. R. Civ. P. 26(c), this Order shall govern the handling and production of email communications between Defendant James L. McVey and his former attorney, Ann E. Hutchison, contained on McVey's privilege log (the "Hutchison Communications").

### PRELIMINARY FINDINGS

1.    McVey and Maryl Georgi have a dispute regarding the extent to which McVey's intentional and voluntary disclosure of email communications between McVey and his former attorney, Ann E. Hutchison, waives any claim of attorney-client privilege for these communications and for other attorney-client communications on the same subject matter.

2. In order to avoid the expense of extensive motions practice on this topic, Counsel for Georgi and McVey stipulated to the terms and conditions of the production of the Hutchison Communications and the Court adopts their stipulation.

## **TERMS AND CONDITIONS**

3. Pursuant to Rule 26(c)(1), the Court ORDERS that McVey will produce the Hutchison Communications under the following terms and conditions:

4. McVey will produce Hutchison Communication described as Bates number documents AH 1-2, 81, 84-85, 98, 101-103, 104-06, 107, 118, 123-25, 130, 130-31, 133, 140, 150, 153, 169, 172, 176-77, 181-82, 183-84, 185-88, 273-89. 448-50, 496-97, 503, 506, 507-09, 510, 516-20, 581-82, 583-84, 585-601, 603, 604, 615-617, 619, 629, 630-31, 632, 634. 671, 678, 701-02, 705, 709, 712, 1071, 1084, 1087, 1099-1100, 1105, 1114, 1117, 1118-19, 1122, 1125, 1147, 1148-49, 1151, 1152-68, 1229-30, 1256-58, 1267-68, 1269, 1314-15, 1316, 1331, 1334-36, 1337, 1335 and 1356-58 contained on McVey's privilege log.

5. McVey's counsel will review the Hutchison Communication once more and will produce any further emails contained on McVey's privilege log that pertain to: (a) Hutchison's assessment of claims Georgi had against Griffin and O'Connor on their personal guarantees, and her claims against Griffin, O'Connor and McVey for securities fraud and misrepresentation; and (b) Hutchison's advice regarding the proposed Travelscream restructuring.

6. The parties shall use the Hutchison Communications, and any information derived from it, solely for purposes of this case and they shall not use it for any other

purpose (including, without limitation, any business or commercial purpose, or in connection with any other proceeding or litigation);

7. McVey's production of the Hutchison Communications shall not result in any further subject matter waiver of attorney-client privilege based on the content of the Hutchison Communications and no party shall claim that any further subject matter waiver has occurred by virtue of the production of the Hutchison Communications;

8. McVey shall stamp the Hutchison Communications with the legend "Confidential – Hutchison Communications."

9. The proposed limitations are appropriate in view of the nature of the matters to be disclosed.

DATED: May 16, 2012.

                                    BY THE COURT:

                                    Richard P. Matsch, Senior District Judge